IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-mc-0207 |
| | ) |
| CHIEF JUDGE WILLIAM J. HAYNES, JR., | ) Judge Sharp |
| JUDGE TODD CAMPBELL, JUDGE ALETA A. | ) |
| TRAUGER, JUDGE KEVIN H. SHARP, | ) |
| CHIEF JUDGE RANER C. COLLINS, | ) |
| CORIZON HEALTH INC., ARIZONA STATE OF, | ) |
| and DEPUTY WARDEN LINDA VEGA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Dale Maisano has filed a photocopied one-page complaint in which he alleges only that:

> The plaintiff is going full circle with each defendant trying to obtain mental health care, The latest is with D.W. Vega in case 13-C41-1934 a Prison Disciplinary Action where it is explained how mental health care is part of the disciplinary process under *Wolff v. McDonnell* 418 U.S. 539 (1974). She lives in a "Fantasy World" along with other members of her staff. As for the other defendants, their world is basicly [sic] "Fantasy" as well. At this point in time does any one recall *Estelle v. Gamble . . .* We are not talking denied or delayed treatment. I'm telling you flat out Ø Zero Treatment None Nada. "<u>Deliberate Indifference</u>" Criminal Conduct, Etc.
>
> Judges become famous when they come to prison, Corizon is famous for upper mgt being gone afraid of RICO violations. As well new personal [sic] refuse to work for Corizon.

(ECF No. 1, at 1–2.) Solely on the basis of these vague factual allegations, the plaintiff seeks injunctive relief and damages in the amount of "Ten Trillion Dollars U.S." (*Id.*) The Court notes that, although every active judge of the United States District Court for the Middle District of Tennessee is named as a defendant in this action, including the undersigned, the complaint contains no factual allegations that concern the judicial defendants.

Ordinarily, when a judge assigned to a case is named as a party, the judge would recuse himself *sua sponte* pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself from "any proceeding in which his impartiality might be reasonably questioned" or when he is "a party to the proceeding." 28 U.S.C. § 455(a) and (b)(5)(i). This case, however, is not ordinary. Taking a cue from Chief Judge Raner of

the District of Arizona, who himself has presided over hundreds of cases filed by plaintiff Maisano, including some in which Judge Raner is named as a defendant, the undersigned declines to recuse himself in this case.

It is well established that the actions of a judge in pending or previous litigations are not grounds for disqualification. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003); *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980). The Sixth Circuit has also cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources.

Like the case at bar, *Nottingham v. Acting Judges of Dist. Court*, No. 1:06-CV-115-DFHVSS, 2006 WL 1042761 (S.D. Ind. Mar. 24, 2006), involved a situation in which a *pro se* plaintiff sued every judge in the district, including the reviewing judge, based on the plaintiff's dissatisfaction with orders entered in a prior case. The plaintiff sought the reviewing judge's recusal. Judge Hamilton denied the motion, noting that "[t]he nearly incoherent complaint shows clearly only that [the plaintiff] is frustrated by the results of other lawsuits and encounters with the state and federal courts." *Id.* at *1. The order continues:

> The complaint follows a pattern that is, unfortunately, not rare. A party who is frustrated with the legal system launches an endless series of unsuccessful lawsuits. Each succeeding lawsuit complains about the result of the prior ones and names as defendants anyone who was involved in any way with the prior lawsuits, including the lawyers and the judges. . . . Judges need not indulge this pattern by automatically disqualifying themselves every time their names appear in a case caption or a complaint.

*Id.* This Court agrees with the above reasoning and applies it to the circumstances of this case.

In addition, the Court notes that the rule of necessity allows a judge who would normally be disqualified to hear a case when "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal requirements of § 455). In *Davis v. Kvalheim*, 261 F. App'x 231 (11th Cir. 2008), the *pro se* plaintiff had sued 129 defendants, including the district judge to whom the case was assigned, alleging a conspiracy "to infiltrate the government and pass, enforce and uphold fascist laws that violated his civil and constitutional rights." *Id.* at 232. The plaintiff alleged that the district judge was named as a defendant because he had previously informed the plaintiff about the conspiracy and then chose to join the conspiracy. The plaintiff also stated

he would continue to amend his complaint to include any judge who ruled against him. The court dismissed the case *sua sponte* as frivolous. The presiding district judge noted that he would ordinarily recuse himself pursuant to § 455(b)(5)(i), but "concluded that recusal is not required where a plaintiff 'baselessly sues or threatens to sue the judge,' which was the case here because the allegations against him were just as frivolous as the remainder of the complaint" *Id.* at 233. On appeal, the plaintiff challenged the judge's refusal to recuse himself. The Eleventh Circuit rejected the argument, applying the rule of necessity:

> [W]e have held that, under the rule of necessity, when a defendant indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it. . . . Here, Judge Presnell did not err by failing to recuse himself. Davis indicated that he would have eventually amended his complaint to add all of the judges on the U.S. District Court for the Middle District of Florida, and therefore the district court was relieved of its obligation to recuse itself under the rule of necessity. Were Davis left to make good on his threat, there would have been no judge from the court to hear the case.

*Id.* at 234. *Cf. Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1164–65 (9th Cir. 2006) (holding that a three-judge panel of the court was not disqualified from deciding the appeal before it under the rule of necessity, where the plaintiff had indiscriminately sued all judges of the Ninth Circuit); *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (where the plaintiffs named as a defendant the judge to whom the case was assigned, among numerous other parties, and sought to disqualify all the federal judges within the Seventh Circuit and to transfer the case to an "out-of-the-Seventh-Circuit judge," holding that the court was not required to disqualify itself where all the judges in a particular district have been sued and because the complaint failed to identify any legitimate basis for suing the judge reviewing the case), *aff'd without opinion*, 894 F.2d 1338 (Table) (7th Cir. Jan. 29, 1990)); *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 481 (N.D. Tex. 1975) ([T]here is a maxim of law to the effect that where all are disqualified, none are disqualified. The theory supporting this maxim is that if disqualification operates so as to bar justice to the parties and no other tribunal is available, the disqualified judge or judges may by necessity proceed to judgment." (citation omitted)), *aff'd without opinion sub nom. Taylor v. Montgomery*, 539 F.2d 715 (Table) (7th Cir. Aug. 26, 1976).

In this case and in several others recently filed by plaintiff Dale Maisano, every active judge on this Court has been named as a defendant. The recusal of every judge named as a defendant would require either consent by the single active senior judge on this Court to take the cases, which is not

assured, or the involvement of the Sixth Circuit Court of Appeals and the referral of this and numerous other cases filed by Maisano to another district. Such referrals would amount to a colossal waste of time, energy, and resources, particularly in light of the utter frivolity of the complaint(s) at issue and Maisano's failure to comply with the restraining order governing his ability to file new civil actions. Moreover, the plaintiff has demonstrated that he will promptly name as a defendant any judge who has previously dismissed another of his frivolous cases, such that referral to another district would be a temporary fix at best.[1]

At least two of the judges in this district have, quite understandably, indicated that they will recuse themselves from any of Maisano's cases in which they are named as defendants. The undersigned declines to take that route, and finds based on the rule of necessity, coupled with the facial frivolity of the complaints themselves, that recusal is not required.

With respect to the complaint now before the Court, the plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. He did not submit the $400.00 filing fee with his complaint, and he does not plausibly allege that he is in imminent danger of serious physical injury. Moreover, the complaint is not in compliance with the Order and Restraining Order entered by Senior United States District Judge Stephen M. McNamee on August 11, 1992 in an unsuccessful attempt to curtail the plaintiff's voluminous frivolous filings. Among other things, Judge McNamee's order enjoins Maisano from filing any civil action in the United States District Court for the District of Arizona, or any other federal court, without first obtaining leave of the court. *See Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order).

Pursuant to the Restraining Order, any "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.* Because the plaintiff made no attempt with his current filing to comply with the Restraining Order, the present complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

---

[1] For instance, in both *Maisano v. Correctional Food Service*, No. 3:13-cv-1210 (M.D. Tenn. Nov. 1, 2013), and *Maisano v. Modrzejewski*, No. 3:13-cv-1343 (M.D. Tenn. Dec. 2, 2013), the plaintiff named Judges Sharp, Campbell, and Trauger as defendants, among numerous other government and prison officials. By that point, Chief Judge Haynes had not yet entered an order dismissing any of Maisano's cases. Chief Judge Haynes received his first assignment of a Maisano case on October 28, 2013, but did not enter an initial order dismissing one of Maisano's cases for failure to comply with the restraining order until December 9, 2013. *Maisano v. Corizon Health Inc.*, Case No. 3:13-cv-1209 (M.D. Tenn. Dec. 9, 2013) (Haynes, C.J.) (order of dismissal). Within a few weeks thereafter, beginning on December 24, 2013, Maisano began filing a new series of cases naming all four active judges as defendants, of which this case is one.

An appeal of this order would not be in good faith, and the Court will not grant leave to appeal *in forma pauperis*.

      The Clerk is **DIRECTED** to enter assign a civil action number to this case, to enter judgment and to close the case, in accordance with Rule 58, Fed. R. Civ. P.

      It is so **ORDERED**.

                                    Kevin H. Sharp
                                    United States District Judge